IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, | * |
| Plaintiff, | * |
| v. | Civ. Action No. 8:20-cv-00449-PX |
| | * |
| FIELDING YOST, *et al.*, | |
| Defendants. | * |

***

### MEMORANDUM OPINION

Pending before the Court is the motion for default judgment brought by Plaintiff Martin J. Walsh, Secretary of the United States Department of Labor (the "Secretary").[1] ECF No. 28. Defendants Fielding Yost, Saturn Corporation (the "Company"), and Saturn Corporation Profit Sharing Plan & Trust (the "Plan") have not responded to the Complaint or this motion, and the time for doing so has passed. *See* Loc. R. 105.2.a. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion for default judgment is GRANTED in part and DENIED in part. ECF No. 28.

**I.      Background**

This case arises under the Employment Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1001 et seq. The Plan is an "employee benefit plan" as that term is

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin J. Walsh, the current Secretary of Labor, was substituted for Eugene Scalia as Plaintiff. *See* Fed. R. Civ. P. 25(d).

1

defined in 29 U.S.C. § 1002(3).  ECF No. 1 ¶ 3.  Yost is President of the Company and a named Trustee of the Plan, and the Company is the Plan Sponsor and Plan Administrator.  *Id.* ¶¶ 6–7.  Both Yost and the Company exercised discretionary authority over the Plan's management and administration.  *Id.*  Yost directed payment of bills and accounts and oversaw payroll for employees.  ECF No. 28-2 ¶ 2(g).

The Plan permitted employees to make voluntary contributions through payroll deductions.  ECF No. 1 ¶ 9.  Employees could also borrow against their account balances and eventually repay the borrowed amounts under established terms and conditions.  *Id.*

Beginning on January 1, 2014, and over the course of several years, Yost and the Company failed to forward roughly $67,000 of contributions in a timely fashion, and instead retained the funds in the Company's business operating account.  *Id.* ¶ 10; ECF No. 28-1 at 3; ECF No. 28-2 ¶ 2(j).  Although the funds eventually were remitted to the Plan, the contributions were delinquent—some for as long as 2,021 days—causing the Plan to be deprived of the interest that otherwise would have accrued on the payments.  ECF No. 28-1 at 3; ECF No. 28-2 ¶ 2(k).

On February 20, 2020, the Secretary brought this action pursuant to his authority under 29 U.S.C. § 1132(a)(2) and (5), alleging that Yost and the Company breached their fiduciary duties to the Plan in violation of 29 U.S.C. §§ 1103, 1104, and 1106.  ECF No. 1 ¶ 18.[2]  After correcting defects in the initial waivers of service, *see* ECF No. 15, the Secretary filed valid waivers of service on July 7, 2021, *see* ECF Nos. 16–18.  Thereafter, Defendants failed to respond or otherwise participate in the litigation.  The Clerk of this Court entered default against Defendants on September 28, 2021, pursuant to Federal Rule of Civil Procedure 55(a).  ECF No. 21.  On March 31, 2022, the Secretary moved for default judgment against Defendants.  ECF No.

---

[2] The Secretary also named the Plan as a defendant to ensure that complete relief could be granted, in accordance with Federal Rule of Civil Procedure 19(a).

28. For the reasons discussed below, the motion is granted with respect to liability and denied without prejudice as to relief.

## II. Standard of Review

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate where a party is unresponsive, *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations, other than those pertaining to damages. *See id*. at 422; Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). To determine whether the allegations are well-pleaded, the Court applies the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Id*. at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the complaint avers sufficient facts from which the Court may find liability, the Court next turns to damages. Damages are circumscribed by that which is requested in the complaint.

*See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

### III.   Analysis

#### A.   Liability

A "fiduciary" is defined under ERISA as any individual who "exercises any discretionary authority or discretionary control" with respect to the management or administration of a plan. 29 U.S.C. § 1002(21). The plan administrator is considered a fiduciary "[b]y the very nature of the position." *Canada Life Assur. Co. v. Estate of Lebowitz*, 185 F.3d 231, 237 (4th Cir. 1999).[3] Fiduciaries must hold all assets of a plan "in trust," 29 U.S.C. § 1103(a), and for the exclusive purposes of "providing benefits to participants" and their beneficiaries and "defraying reasonable expenses of administering the plan," 29 U.S.C. §§ 1103(c)(1), 1104(a)(1)(A). Fiduciaries must also ensure that such assets "never inure to the benefit of any employer," 29 U.S.C. § 1103(c)(1), and are prohibited from dealing with plan assets for the benefit of a party in interest (including transferring assets to that party in interest), 29 U.S.C. §§ 1106(a)(1)(D), or for the fiduciary's own benefit, 29 U.S.C. § 1106(b)(1). At bottom, fiduciaries must exercise "the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B). Failure to fulfill these "responsibilities, obligations, or duties" constitutes a violation of the statute. 29 U.S.C. § 1109(a).

---

[3] A corporate entity may also serve as a plan administrator, and thus as a fiduciary. *See Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992).

4

Viewing the Complaint facts as true, Yost and the Company are fiduciaries under ERISA. Yost and the Company each exercised discretionary control over both the management and administration of the plan. Yost, the named Trustee, also directed payment of bills and accounts and oversaw payroll for employees. Additionally, the Company is both the Plan Sponsor and Plan Administrator.

Next, Yost and the Company breached those fiduciary duties. Yost and the Company failed to remit employee contributions to the Plan in a timely fashion and instead held such assets in the Company's business operating account, during which the contributions earned interest that was due to the Plan. In so doing, Yost and the Company failed to hold Plan assets in trust, as required by 29 U.S.C. § 1103(a), and failed to hold the assets exclusively for the purpose of administering the plan, as required by 29 U.S.C. §§ 1103(c)(1) and 1104(a)(1)(A).

Yost and the Company also allowed the Plan's assets to inure to the benefit of the Company rather than the Plan, 29 U.S.C. §§ 1103(c)(1), and thereby dealt with plan assets for the benefit of parties in interest and themselves, 29 U.S.C. §§ 1106(a)(1)(d), 1106(b)(1); *see also* 29 U.S.C. § 1002(14) (defining "party in interest" to include fiduciaries). Delaying remittance of certain contributions to the Plan by up to five years, Yost and the Company failed to exercise "the care, skill, prudence, and diligence" required of a fiduciary, in violation of 29 U.S.C. § 1104(a)(1)(B). Accordingly, liability as to Yost and the Company is established. *See Perez v. Hicks*, No. 15-1097-ELH, 2016 WL 1469759, at *2 (D. Md. Apr. 15, 2016), *report and recommendation adopted*, No. 15-1097-ELH (D. Md. May 5, 2016) (finding that employer breached fiduciary duties under ERISA by failing to remit employee contributions to an employee benefit plan); *Scalia v. Marzett*, No. 19-1164, 2020 WL 6059865, at *6–7 (E.D. Va.

June 19, 2020), *report and recommendation adopted*, No. 19-1164, 2020 WL 4365535 (E.D. Va. July 30, 2020) (same).

The Court next turns to the Secretary's request for relief.

**B.     Relief**

The Secretary seeks both money damages and injunctive relief under 29 U.S.C. § 1109(a).  The Secretary, more particularly, asks the Court to: (1) order Yost and the Company to restore $8,899.20 in lost interest to the Plan; (2) direct the Plan to offset Yost's individual account balance against such lost interest, if it is not otherwise restored to the Plan; (3) remove Yost and the Company as fiduciaries; (4) grant leave to the Secretary to appoint an independent fiduciary; (5) order Yost and the Company to pay the costs of an independent fiduciary; (6) direct Yost and the Company to provide the independent fiduciary and Secretary with all relevant documents pertaining to the Plan; (7) permanently enjoin Yost and the Company from serving as fiduciaries for any other ERISA plan; (8) permanently enjoin Yost and the Company from violating ERISA; and (9) award the Secretary costs.  ECF Nos. 1 at 6–7; 28-1 at 8–9, 28-5 at 2–3.

Although the requested relief is allowable under ERISA, 29 U.S.C. § 1109(a), the record in support is thin.  The Secretary submits a single declaration authored by Labor Department Investigator William Jurgovan.  ECF No. 28-2.  Jurgovan concludes, without underlying documentary support or explanation, that Defendants withheld $67,980.05 in employee contributions between January 1, 2014, and March 1, 2018.  *Id.* ¶ 2(j).  But Jurgovan also states that Defendants *remitted* those same assets to the Plan from January 1, 2014, through November 4, 2021.  *Id.* ¶ 2(k).  From this, the Court cannot determine what contributions had been

delinquent and for how long. Thus, Jurgovan gives the Court no basis to credit his ultimate conclusion that the Plan is owed $8,899.20 in foregone interest.

As to injunctive relief, the Secretary presses that Defendants' breach had been especially egregious when considering the length of time the contributions remained outstanding. To be sure, Jurgovan states broadly that "employee contributions and loan repayments" were remitted "up to 2,021 days late." *Id.* But nothing in the declaration explains what portion of the remittance was outstanding for that length of time, or any of the circumstances giving rise to the delay. *Id.* ¶ 2(l). This analysis is complicated by the overlapping dates by which the Defendants both withheld contributions and remitted delinquent payments. *See id.* ¶ 2(j–k) (stating that Defendants withheld $67,980.05 in contributions and repayments between January 1, 2014 and March 1, 2018, and forwarded that same amount back to the Plan between January 1, 2014 and November 1, 2021). The Jurgovan declaration alone simply does not demonstrate that the Defendants' breach was "repeated or substantial" such that removal of Defendants as fiduciaries (or any other injunctive relief) is warranted. *Cf. Chao v. Malkani*, 452 F.3d 290, 294 (4th Cir. 2006) (quoting *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 659 n. 6 (4th Cir. 1996)).

In short, the Secretary has not shown his work. Because mere allegations will not suffice, *Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010), the Court declines to award any requested relief. Should the Secretary wish to pursue such relief, he will have one opportunity to supplement the record in support of each request. If the Secretary fails to do so, the denial of relief will stand and the case will be closed.

## IV. Conclusion

For the above reasons, the Secretary's motion for default judgment as to Yost and the Company's breach of fiduciary duties under ERISA is granted. The request for monetary and injunctive relief is denied without prejudice. The Court grants the Secretary one opportunity to supplement the record on damages by no later than **November 14, 2022**. A separate Order follows.

| | |
|---|---|
| 10/14/2022 | /S/ |
| Date | Paula Xinis<br>United States District Judge |